UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSA OLVERA, | Case No. 2:24-cv-00187-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| ALL IN FEDERAL CREDIT UNION, RG ELECTRIC, INC., | |
| Defendants. | |

Pending before the Court is Plaintiff's Complaint together with her application to proceed *in forma* pauperis ("IFP"). ECF Nos. 1-1, 3.

**I.    Application to Proceed *in forma* pauperis**

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 3. Thus, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

**II.   The Screening Standard**

Upon receiving a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the

deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may therefore be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.  Discussion

    A.    <u>Plaintiff Fails to Plead Facts Establishing Personal Jurisdiction over All in Federal Credit Union and American Honda Finance Corporation</u>.

Personal jurisdiction is established when "(1) provided for by law; and (2) the exercise of jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d

1286, 1290 (D. Nev. 2016), *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id. citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing "jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment … a court need only address federal due process standards." *Id. citing Arbella Mutual Insurance Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006), *citing* NRS § 14.065; *Boschetto*, 539 F.3d at 1015. Under this standard a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction over a party may be established through general or specific jurisdiction. *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414 (1984).

Plaintiff, a Nevada resident, names All in Federal Credit Union ("AFCU") and American Honda Finance Corporation ("AHFC") as Defendants. ECF No. 1-1. Plaintiff alleges AFCU is an Alabama resident and does not provide residency information for AHFC. *Id.* at 2.[1] Plaintiff fails to plead any facts supporting the exercise of personal jurisdiction over AFCU or AHFC as there are no allegation that either AFCU or AHFC had any, let alone minimum, contacts with the State of Nevada. *Id.* at 1-10. Plaintiff does not plead AFCU or AHFC have a physical presence or operate in Nevada.

In the absence of any facts supporting an exercise of personal jurisdiction over AFCU and AHFC, Plaintiff's claims against these Defendants cannot proceed in the U.S. District Court for the District of Nevada.

B. <u>Plaintiff Fails to State a Claim Against AHFC and RGE</u>.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am.*, N.A., Case No. CV F 11-1785-LJO (JLT), 2011 WL

---

[1] Plaintiff also names RG Electric, Inc. ("RGE") as a Defendant, identifying RGE as a Nevada resident. ECF No. 1-1 at 2.

6749765, at *4 (E.D. Cal. Dec. 22, 2011); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678 (internal quotation omitted). Although Plaintiff names AHFC and RGE as Defendants, she does not aver any factual allegations whatsoever against them. ECF No. 1-1. In doing so, Plaintiff fails to provide adequate notice to AHFC and RGE as to the nature of the claims against them and the grounds upon which her claims rest and, thus, fails to state a claim against either of these Defendants.

## IV. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is given one (1) opportunity to amend her Complaint to establish personal jurisdiction over Defendants All in Federal Credit Union and American Honda Finance Corporation, and (2) state claims with sufficient facts tied to each specific Defendant's action demonstrating the elements of each cause of action are met. If Plaintiff so chooses, she must file her amended complaint no later than **May 25, 2024**. The amended complaint must be complete in and of itself. That mean Plaintiff must include all facts and name all defendants against whom she seeks to assert a claim. The Court cannot refer to Plaintiff's original Complaint when determining if an amended complaint states a claim.

IT IS FURTHER ORDERED that failure to comply with this Order on or before **May 25, 2024**, will result in a recommendation to dismiss this action in its entirety, but without prejudice.

DATED this 16th day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4